**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JESSE ARON ROSS,

         Plaintiff,

vs.

AMY KRUEGER, et al.,

         Defendants.

2:13-cv-00355-GMN-VCF

**ORDER**

[Motion to Extend Prison Copywork Limit (#32)]

    Before the Court is Plaintiff's Motion to Extend Prison Copywork Limit. (#32).

**Background:**

    Plaintiff filed his motion/application to proceed in forma pauperis on March 1, 2013. (#1). On May 17, 2013, plaintiff filed a motion to amend complaint and to file additional pages (#4), a second motion for leave to proceed in forma pauperis (#5), and a motion for appointment of counsel (#6). On July 17, 2013, the court entered an order granting the motion/application (#1), denying the motion for appointment of counsel, and ordering the clerk to file the amended complaint (#4-1). Defendants were served on July 31, 2013. (#12). Plaintiff filed the instant motion on August 22, 2013. (#32). Defendants filed their Answer and a Motion to Dismiss on August 28, 2013. (#'s 33 & 34). Plaintiff filed a Supplemental Certificate of Service on September 10, 2013. (#36). The Response to the Motion to Dismiss was filed on September 12, 2013. (#37).

**Motion To Extend Copywork Limit (#32)**

    A.    Arguments

    Plaintiff asserts that he has reached or exceeded the $100.00 prison copywork limit of NDOC AR 722.12, and asks this court to extend his copywork limit (#32). NDOC AR 722.12(4) allows

plaintiff to accrue a $100.00 debt against his account towards legal copywork which, once reached, prohibits him from accumulating any further indebtness for such copywork.

Plaintiff asserts that he is not asking this court to grant him unlimited copywork, rather he is seeking only a reasonable allowance of copywork for documents relevant to this proceeding. *Id.*

Defendants filed a non-opposition to Plaintiff's Motion to Extend Prison Copywork Limit stating that they have no interest in Plantiff's motion and do not object and are not the property party to object to the Motion. (#38).

**Relevant Law/Discussion**

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. See *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox." (7th Cir. 1983)); see also *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980). As noted by Plaintiff, the Nevada Department of Corrections provides $100.00 of legal copywork to prisoner litigants. Plaintiff asks for additional money but he does not state how much, nor does he state his current balance. He stated that he has reached or exceeded the $100.00 limit of AR 722.12. This case is in the early stages of litigation and based on plaintiff's previous filings in this case, he could not have reached or exceeded the $100.00 limit. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding in forma pauperis to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. See, e.g., *Collins v. Goord*, 438 Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker*, 43 F. 3d 1483 (10th Cir. 1994). Plaintiff seeks additional copies for future copying needs that have yet to be identified. Plaintiff does not identify any specific document which must be photocopied, or the quantity of copies which must be made for him to proceed in this action. The Court requires a more particularized showing of need before

1 it will order the state to extend an inmate's copy account.  If Plaintiff believes that he needs copies for
2 cases in other courts or in other cases in this court, he must seek an order for copies in each such
3 particular case based upon a particularized showing of need.
4     IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Prison Copy Work Limit (#32) is
5 is denied without prejudice.  Plaintiff may refile the motion if he is able to make a more particularized
6 showing of need.
7     DATED this 23rd day of September, 2013.

                                                   CAM FERENBACH
                                                 UNITED STATES MAGISTRATE JUDGE