UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Aron Ross, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00355-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| Amy Krueger, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This is a civil rights action arising under 42 U.S.C. § 1983, filed by *pro se* Plaintiff Jesse Aron Ross against Defendants Amy Krueger, Anthony Demeo, Brian Young, Carina Skyles, Danita Rounseville, Danny Ellis, Jadey Zaragoza, Karyn Smith, Melissa Taylor, Ricardo Ramirez, Richard Marshall, Scott Gutheridge, Shirley Trammell, Terry Rising, Greg Arms, Nye County Health and Human Services, Nye County Sheriff's Office, Gary Hollis, Butch Borasky, and Lorinda Wichman (collectively, "Defendants").  Pending before the Court is Defendants' Motion to Dismiss (ECF No. 34), to which Plaintiff filed a Response (ECF No. 37), and Defendants filed a Reply (ECF No. 40).

**I. BACKGROUND**

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections after having been sentenced in state court on December 10, 2012. (Am. Compl., ECF No. 8.) Plaintiff alleges that Defendants violated his civil rights by denying him medical, dental, and mental health treatment during his pre-trial detention from October 2010 through December 2012. (*Id.*)

    In July 2013, the Court entered an Order (ECF No. 7), screening Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A because Plaintiff is a "prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," and pursuant to

the Prison Litigation Reform Act of 1995 ("PLRA") because Plaintiff requested to proceed *in forma pauperis*. The Court granted Plaintiff *in forma pauperis* status, dismissed Defendant Demeo from the action, and determined that Plaintiff had satisfied the pleading requirements of § 1915A, the PLRA, and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*.)

In that Order, the Court made the following findings:

**Counts One and Three – Dental Care.** Based on the facts recited in the amended complaint, plaintiff has stated a claim against the named defendants for a violation of his rights, as a pre-trial detainee, to receive necessary dental care. (*Id*. at 6:4-6.) Plaintiff has stated a claim for violation of his rights under the Eighth and Fourteenth Amendments when the named defendants failed to provide him with necessary and timely dental care due to his detention and indigence. (*Id*. at 7:2-4.)

**Count Two – Vision Care.** Plaintiff states [a] claim for denied vision care. He may proceed on this claim as to [Defendants Rising, Krueger, and Smith]. (*Id*. at 7:21-22.) [Also,] plaintiff has stated a claim in count two against Assistant Sheriff Marshall, who was allegedly made aware of the denied request for vision care on or about June 30, 2011, through plaintiff's grievance. Marshall failed to take any steps to correct the situation between the end of June, 2011 and December 21, 2012, when plaintiff was transferred to the state prison. Plaintiff has failed to state any facts which suggest that Shirley Trummell was actually aware of the denied care and failed to act. She is simply identified as the director of NCHHS on the letterhead of correspondence signed by defendant Karyn Smith. If plaintiff means to bring this claim against Ms. Trummell, he must amend it to provide sufficient facts which demonstrate her personal knowledge or that she personally decided to deny the care in her capacity as director. However, based on the remainder of the allegations in the complaint, Ms. Trummell will not [be] dismissed from the action. (*Id*. at 8:10-20.)

**Counts Four and Six – Medical Care.** Plaintiff states a colorable claim against the

1   defendants Sgt. Rising, Amy Krueger and Deputies Ellis, Arms and Skyles. (*Id*. at 9:4-5.)
2   Plaintiff has stated an Eighth Amendment claim for the denial, delay, or interference with a
3   serious medical need against the numerous defendants identified in count six, including:
4   Deputies Ramerez, Skyles, Zaragoza, Nicholson, Young, Bubble-Tech Taylor, Sgts. Rising,
5   Rounsville and Gutheridge and Assistant Sheriff Marshall. (*Id*. at 9:13-16.)

6   **Count Five – Mental Health.**  Plaintiff has stated a claim against NCDC defendants for
7   deliberate indifference to his medical care needs.  Although plaintiff has not stated any facts in
8   this claim which show how he notified the County Commissioners or what the Commissioners
9   were told, he does state in count seven that he provided the commissioners with copies of his
10  grievances and denials, related to his requests for medical care and the policy to deny indigent
11  detainees such care because they could not pay.  Allowing plaintiff the liberal construction
12  required for a pro se complaint, the court finds that he has stated sufficient facts to include the
13  County Commissioners as defendants on this claim. (*Id*. at 10:9-15.)

14  **Equal Protection.**  Plaintiff has stated a colorable equal protection claim against the
15  named defendants, including NCSO, NCHHS, County Commissioners Borasky, Hollis and
16  Wichman, and Sgts. Rising and Rounseville.  This count may proceed as pled. (*Id*. at 11:25-26
17  – 12:1.)

18  **Conditions of Confinement.**  While allegations of overcrowding, alone, are insufficient
19  to state a claim under the Eighth Amendment . . ., taken in combination with the prolonged
20  denial of yard time and the unsanitary conditions, plaintiff has stated a colorable claim for
21  unconstitutional conditions of confinement against NCDC. (*Id*. at 12:24-26 – 13:1.)

22  **II. LEGAL STANDARD**

23  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a
24  cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l*
25  *v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to

1  dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the
2  complaint does not give the defendant fair notice of a legally cognizable claim and the grounds
3  on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering
4  whether the complaint is sufficient to state a claim, the Court will take all material allegations
5  as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*
6  *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

7        If the court grants a motion to dismiss, it must then decide whether to grant leave to
8  amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so
9  requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on
10 the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
11 undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the
12 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
13 only denied when it is clear that the deficiencies of the complaint cannot be cured by
14 amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

15 **III. DISCUSSION**

16       Here, Defendants move for dismissal of Defendants Nye County Health and Human
17 Services and Nye County Sheriff's Office pursuant to Rule 12(b)(6) because they are not legal
18 entities under Nevada law and should therefore be dismissed as improperly named parties.
19 (Mot. Dismiss, ECF No. 34.)  In opposition, Plaintiff requests that the Court construe his
20 pleadings liberally so as to construe his naming of Defendants Nye County Health and Human
21 Services and Nye County Sheriff's Office as against Nye County, who Defendants
22 acknowledge would be the properly named Defendant instead of Defendants Nye County
23 Health and Human Services and Nye County Sheriff's Office. (ECF No. 37.)  In Reply,
24 Defendants argue that the Court should dismiss Defendants Nye County Health and Human
25 Services and Nye County Sheriff's Office and require Plaintiff to file an amended complaint

1  naming Nye County. (ECF No. 40.)

2  Based upon the arguments presented by the parties and the applicable law as stated in Defendants' motion, the Court finds good cause to grant the Motion to Dismiss (ECF No. 34), dismissing Plaintiff's claims against Defendants Nye County Health and Human Services and Nye County Sheriff's Office, with prejudice. Also, because it is clear that Plaintiff may cure this pleading deficiency by alleging his claims against Nye County, the Court finds good cause to grant Plaintiff leave to file a Second Amended Complaint so as to name Nye County as a Defendant.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 34) is **GRANTED**. Plaintiff's claims against Defendants Nye County Health and Human Services and Nye County Sheriff's Office are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file a Second Amended Complaint no later than February 7, 2014.

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of his Amended Complaint (ECF No. 8).

**DATED** this 2nd day of January, 2014.

_____
Gloria M. Navarro
United States District Judge