# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JESSE ARON ROSS,

        Plaintiff,

vs.

AMY KRUEGER, et al.,

        Defendants.

2:13-cv-00355-GMN-VCF

**ORDER**

Before the Court are the following the following motions:

1. Motion to Remove State Tort Action to this Court (#47),

2. Motion in Support of Plaintiffs "Proposed Discovery Plan"; Motion for Reconsideration of Approved "Discovery Plan/Scheduling Order." (#'s 48 & 49),

3. Motion for Declaratory Opinion from this court; Alternatively a Court Order Directing NDOC to Provide Plaintiff a Meaningful Access to the Courts (#51),

4. Motion for Court Ruling on Service of Defendant Rounseville (#52),

5. Motion for Court Order Directing NDOC to Disclose the Name, ID Number, and Mailing Address of Inmate Witnesses in the Custody of NDOC and Motion for Order Allowing Plaintiff to Collect Affidavits/Interrogatories from Inmate Witnesses in the Custody of NDOC (#'s 53 & 54),

6. Motion to Issue a Subpoena to Nevada Department of Corrections (#60).

**Background:**

Plaintiff filed his motion/application to proceed in forma pauperis on March 1, 2013. (#1). On May 17, 2013, plaintiff filed a motion to amend complaint and to file additional pages (#4), a second motion for leave to proceed in forma pauperis (#5), and a motion for appointment of counsel (#6). On July 17, 2013, the court entered an order granting the motion/application (#1), denying the motion for

appointment of counsel, and ordering the clerk to file the amended complaint (#4-1). Defendants were served on July 31, 2013. (#12). Defendants filed their Answer and a Motion to Dismiss on August 28, 2013. (#'s 33 & 34).

**1. Motion to Remove State Tort Action to this Court (#47)**

Plaintiff seeks to remove his state court action to federal court claiming similar facts as those alleged in this instant case. *Id.*

Defendants filed their Opposition on November 12, 2013. (#55). Defendants argue that if Plaintiff wants to bring such claims as part of this action because his state court action has similar facts as alleged in this federal case, then removal is not the proper procedural vehicle. *Id.*

The general requirements which must be met before a state court action is removable are set forth in 28 U.S.C. § 1441(a) which provides "[e]except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* The statue clearly defines that the removal action must be done by a defendant. *Oregon Egg Producers v. Andrew*, "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court…" , 458 F.2d 382, 383 (9th Cir. 1972).

Plaintiff's Motion to Remove State Tort Action to this Court (#47) is denied.

**2. Motion in Support of Plaintiffs "Proposed Discovery Plan"; Motion for Reconsideration of Approved "Discovery Plan/Scheduling Order." (#'s 48 & 49)**

Plaintiff seeks the Court to reconsider the Discovery Plan and Scheduling Order (# 45). Plaintiff request that discovery does not begin until December 1, 2013 and that all discovery deadlines be extended from that date. *Id.*

Defendants filed an Opposition (#57).  Defendants argue that the Discovery Plan and Scheduling (#45) is consistent with Local Rule 26-1(e).  *Id.* Defendants also assert that Plaintiff has served them written discovery since October 23, 2013.

The Discovery Plan and Scheduling Order (#45) is consistent with LR 26-1(e).  Plaintiff has not cited any laws or rules which supports reconsideration.  While Local Rule 26-1(e) generally governs discovery plans in civil matters, Local Rule 16-1(b) governs here.  Local Rule 16-1(b) provides, "[i]n actions by or on behalf of inmates under 42 U.S.C. § 1983 […] no discovery plan is required.  In such cases, a scheduling order shall be entered within thirty (30) days after the first defendant answers or otherwise appears."  Defendants' Stipulated Discovery Plan and Scheduling Order (#43) complied with Local Rule 26-1(e) and was approved.

Plaintiff's Motion in Support of Plaintiffs "Proposed Discovery Plan"; Motion for Reconsideration of Approved "Discovery Plan/Scheduling Order" (#'s 48 & 49) are denied.

**3. Motion for Declaratory Opinion from this court; Alternatively a Court Order Directing NDOC to Provide Plaintiff a Meaningful Access to the Courts (#51)**

Plaintiff seeks meaningful access to legal resources.  He seeks adequate access to the law library or assistance from persons trained in the law.  *Id.*

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  However, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines…[t]he tools to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Lewis v. Casey*, 518 U.S.

343, 355 (1996). Plaintiff's Motion fails to provide compelling and specific instances evidencing an inability to litigate this matter.

**4. Motion for Court Ruling on Service of Defendant Rounseville (#52)**

Plaintiff asks the Court to determine whether Defendant Danita Rounseville was properly served. Plaintiff believes that service was properly executed on Defendant Rounseville. On August 6, 2013, Jason Blackburn, a Deputy Sherriff at the Nye County Sherriff's Office accepted service for Defendant Rounseville. On September 25, 2013, Plaintiff received a letter from Brian Hardy, Esq., Defendants' counsel, with a return of service on Defendant Rounseville which included a document from the Nye County Sherriff's Office stating "Did not serve. Out of state. In New York (lives)." Plaintiff proceeded to inform Mr. Hardy that he believes Defendant Rounseville was properly served. On October 15, 2013, Plaintiff received a letter from Mr. Hardy informing him of Defendant Rounseville's home address. Plaintiff's instant motion does not contain any legal argument but rather asks the Court to make a decision regarding whether service was properly perfected on Defendant Rounseville.

Defendants cite Fed. R. Civ. P. 4(e) and argue that service has not been properly effectuated on Defendant Rounseville. On August 28, 2013, Defendants, Amy Krueger, Anthony DeMeo, Brian Young, Carina Skyles, Danny Ellis, Jadey Zaragoza, Karyn Smith, Melissa Taylor, Ricardo Ramerez, Richard Marshall, Scott Gutheridge, Shirley Trummell, Terry Rising, Greg Arms, Gary Hollis, Butch Borasky, and Lorina Wichman, (hereafter "Defendants") answered the Amended Complaint. To date, Defendant Rounseville has not filed an answer to the Amended Complaint. On September 20, 2013, Defendants notified Plaintiff that Defendant Rounseville was no longer employed by Nye County and that service had not been properly effectuated. Plaintiff then requested Rounseville's last known address. Defendants responded and notified Plaintiff of Defendant Rounseville's last known address on October 15, 2013.

///

**Analysis**

Pursuant to Fed. R. Civ. P. 4(e), service may be effectuated upon an individual as follows:

(1) following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized

Motion for Court Ruling on Service of Defendant Rounseville (#52) is denied. Brian Hardy, Esq., Defendants' counsel, properly and promptly notified Plaintiff of the return of service on Defendant Rounseville. He informed Plaintiff that Defendant Rounseville was not employed by Nye County Sherriff's Office at the time of service and thus, did not have authorization to accept service on behalf Defendant Rounseville. On October 15, 2013, he informed Plaintiff of Defendant Rounseville's last known address. The time to perfect service on Defendant Rounseville is extended to April 7, 2014.

**5. Motion for Court Order Directing NDOC to Disclose the Name, ID Number, and Mailing Address of Inmate Witnesses in the Custody of NDOC and Motion for Order Allowing Plaintiff to Collect Affidavits/Interrogatories from Inmate Witnesses in the Custody of NDOC (#'s 53 & 54)**

Plaintiff requests the Court to order the Nevada Department of Corrections (hereafter "NDOC") to disclose to Plaintiff the identity and mailing addresses of other inmate witnesses as listed in Exhibit 3 to the instant motion. *Id.* Plaintiff cites Nevada Public Records Act NRS 239.010. Plaintiff wishes to correspond with these inmates for the purpose of obtaining witness affidavits. On July 15, 2013, Plaintiff sent a letter to James Cox at the Nevada Department of Correction requesting the names,

inmate numbers and mailing addresses of these inmate witnesses. The Nevada Department of Correction denied Plaintiff's request citing AR 750.04, "[l]egal correspondence between incarcerated persons of the Nevada Department of Corrections is allowed if they are co-defendants or co-plaintiffs in active post conviction case(s) or by court order."

Defendants argue that Plaintiff has not provided any substantive explanation of why he needs the potential inmate witnesses' personal information. Plaintiff has not listed what information these individuals may provide to this case or what questions will be asked of these individuals. Defendants assert that Plaintiff fails to provide sufficient information for this Court to interfere with NDOC's policies and procedures.

Plaintiff's reply in support of his motion restates his request of the names, inmate numbers and mailing addresses of these inmate witnesses. (#65).

**Analysis**

Plaintiff's motion cites no authority to support his request. He cites NRS 239.010 which pertains to public books and public records open to inspection but he does not explain how it relates to his case. Plaintiff does not provide any information or reason on which the court can rely in making a determination why this court should interfere with NDOC's (a non-party to this action) policies and procedures. In response, defendants state that

> [c]ourts must give "substantial deference to the professional judgment of prison administrators." *Beard v. Banks*, 548 U.S. 521, 528 (2006) citing *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Moreover, mail regulations are valid if they are "reasonably related to legitimate penological interests." *Frost v. Symington*, 197 F.3d 348, 354 (9th Cir.1999) citing *Turner v. Safley*, 482 U.S. 78, 107 (1987). Deterring criminal activity and maintaining prisoner security are legitimate penological interests that justify regulations on prisoner mail. *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir.l996).

Unless Plaintiff can show why he is entitled to the names, inmate numbers and mailing addresses of these inmate witnesses, the Court cannot grant his motion. Plaintiff has the burden to provide the

court sufficient information to consider his requests.   Although the Supreme Court holds *pro se* parties to a less stringent standard than those who are represented by counsel, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Ninth Circuit has held that this does not excuse *pro se* parties from following the Federal Rules of Civil Procedure or Orders of the Court.  See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

**6. Plaintiff's Motion to Issue a Subpoena to Nevada Department of Corrections (#60)**

On November 21, 2013, Plaintiff filed a Motion to Issue a Subpoena to Nevada Department of Corrections. (#60).  Plaintiff seeks the Court to issue a subpoena to NDOC directing them to provide him with a copy of his entire medical records. Plaintiff claims that the NDOC is willing to provide him with limited portions of his medical record with pre-payment of $0.25 per page.  Plaintiff further claims that his *informa pauperis* status grants him the right to these documents without payment to NDOC during discovery. Defendants have not filed an opposition to Plaintiff's instant motion.

**Analysis**

Plaintiff may seek production of his medical records from NDOC.  His *informa pauperis* status; however, does not grants him the right to these documents without payment to NDOC during the discovery period.  The right to meaningful access to the courts does not confer a right to free unlimited photocopies.  See *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox." (7th Cir. 1983)); see also *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980).  Plaintiff does not provide any information or reason on which the court can rely in making a determination why this court should interfere with NDOC's (a non-party to this action) policies and procedures regarding payment for records.

Plaintiff asks the Court to issue a subpoena to NDOC directing them to provide him with a copy of his entire medical records but fails to provide the Court with a subpoena. Thus, Plaintiff may refile this motion.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the following motions are DENIED.

1. Motion to Remove State Tort Action to this Court (#47),

2. Motion in Support of Plaintiffs "Proposed Discovery Plan"; Motion for Reconsideration of Approved "Discovery Plan/Scheduling Order." (#'s 48 & 49),

3. Motion for Declaratory Opinion from this court; Alternatively a Court Order Directing NDOC to Provide Plaintiff a Meaningful Access to the Courts (#51),

4. Motion for Court Ruling on Service of Defendant Rounseville (#52),

5. Motion for Court Order Directing NDOC to Disclose the Name, ID Number, and Mailing Address of Inmate Witnesses in the Custody of NDOC and Motion for Order Allowing Plaintiff to Collect Affidavits/Interrogatories from Inmate Witnesses in the Custody of NDOC (#'s 53 & 54),

6. Motion to Issue a Subpoena to Nevada Department of Corrections (#60).

IT IS FURTHER ORDERED that the time to perfect service on Defendant Rounseville is extended to April 7, 2014.

DATED this 7th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE