FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 2 2 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

JESSE ARON ROSS,

        Plaintiff,

vs.

AMY KRUEGER, et al.,

        Defendants.

Case No. 2:13–cv–355–GMN–VCF

**<u>ORDER AND</u>**
**<u>REPORT & RECOMMENDATION</u>**

Motion to Stay (#109)
Stipulation (#111)

      This matter involves Jesse Aron Ross' civil rights action against Amy Krueger and others. Before the court is Defendants' unopposed Motion to Stay (#109[1]) and Stipulation regarding Removal and Consolidation (#111). For the reasons stated below, Defendants' Motion to Stay is granted and the parties' stipulation should be rejected.

### I. BACKGROUND

      Jesse Aron Ross is an inmate at Nye County Detention Center. Between October 28, 2010, and May 6, 2012, he allegedly suffered from a dental problem. He submitted various requests for dental treatment that were denied. This, among other things, culminated in this action.

      On March 31, 2015, the Honorable Gloria M. Navarro, Chief U.S. District Judge granted in part and denied in part Defendants Motion for Summary Judgment. In pertinent part, Chief Judge Navarro denied summary judgment on Ross' *Monell* claims against Nye County and Defendants' qualified immunity defense. On April 21, 2015, Defendants appealed Chief Judge Navarro's decision to the Ninth Circuit.

---

[1] Parenthetical citations refer to the court's docket.

1

Now, Defendants request a stay pending their appeal to the Ninth Circuit. Additionally, the parties filed a stipulation, which in pertinent part states that they parties agree that a related state action should be removed to federal court and consolidated with this action.

## II. DISCUSSION

Defendants' Motion to Stay is granted for two reasons. First, the motion is unopposed. Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Here, Defendants moved for a stay on May 4, 2015. To date, no opposition has been filed. This constitutes a consent to the granting of the motion.

Second, Defendants' motion is granted on the merits. When determining whether to enter a stay pending appeal, courts consider four factors: (1) the likelihood that the moving party will prevail on the merits of the appeal; (2) the likelihood that the moving party will be harmed absent a stay; (3) the lack of harm to other parties in the litigation if a stay is granted; and (4) any public interest in granting a stay. *People for the Am. Found. V. U.S. Dept. of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007). Additionally, when, as here, a party appeals an order from the district court, the district court is divested of jurisdiction over matters on appeal. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1983). The court is persuaded that a stay is appropriate here because a stay will not harm other parties to the litigation and because the court is divested of jurisdiction over a portion of the action. Entering a stay will also conserve judicial resources.

The court now turns to the parties' stipulation (#111). It asks the court to enter an order consolidating this matter with a related matter that has been removed from state court. Federal Rule of Civil Procedure 42 governs consolidation. Rule 42(a) provides, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

FED. R. CIV. P. 42(a). District courts enjoy "broad discretion" in determining whether bifurcation is appropriate. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *but see Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961–62 (9th Cir. 2001) (stating that the court's discretion is limited by the defendant's Seventh Amendment right to a trial by jury). When exercising its broad discretion, the court must "weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Ross attached a copy of the state-court complaint to the parties' stipulation. However, Ross' related state-court action does not appear to have been removed to federal court. As a result, the court recommends denying the parties' stipulation until the state-court action is removed to federal court.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay (#42) is GRANTED.

IT IS FURTHER ORDERED that this matter is STAYED pending a decision by the Court of Appeals for the Ninth Circuit.

IT IS RECOMMENDED that the parties' Stipulation (#111) be REJECTED.

DATED this 22nd day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE